**FEDERATION OF HOMEMAKERS, Plaintiff,**

v.

**Clifford M. HARDIN et al., Defendants.**

**Civ. A. No. 2057–70.**

United States District Court, District of Columbia.

April 20, 1971.

Robert S. Rankin, Asst. U. S. Atty., Irwin Goldbloom, Department of Justice, Washington, D. C., for defendants.

Edward Berlin, Washington, D. C., for plaintiff.

## MEMORANDUM OPINION

PARKER, District Judge.

In this suit the Federation of Home-makers, a consumer organization dedi-

cated to protecting the integrity of food products, challenges the use of "All Meat" labels [1] on frankfurters when such products actually contain up to 15 percent of non-meat ingredients. Such labels have been authorized for use by the defendants, the Secretary of Agriculture and the Assistant Secretary for the Consumer and Marketing Service and the Administrator of the Consumer and Marketing Service.[2] The Federation alleges that the defendants violated the Wholesome Meat Act, 21 U.S.C. § 601 et seq., by causing misleading labels to be affixed to meat products. A declaratory judgment and injunctive relief is sought.

The cause has come before this Court on plaintiff's motion for summary judgment and the defendants' motion to dismiss and cross-motion for summary judgment. There are no factual issues in dispute. For the reasons stated below, plaintiff's motion is granted and the motions of the defendants are denied.

The defendants argued preliminarily that plaintiff lacked standing to sue and that judicial review of this matter was precluded since determinations as to the labeling of meat food products were within the administrative discretion of the Secretary.

Plaintiff has standing if the defendants' action has caused injury to its consumer constituents and if "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the

statute * * * in question." Association of Data Processing Service Organizations v. Camp, 397 U.S. 150 at 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970).[3]

The underlying statute in this case is the Wholesome Meat Act, 21 U.S.C. § 601 et seq., enacted to protect the health and welfare of consumers by ensuring that they have access to wholesome and properly marked meats.[4] Incorrect or misleading labeling is recognized as an area of statutory concern:

> "Misbranded * * * meat food products * * * are injurious to the public welfare [and] destroy markets for wholesome * * * properly labeled * * * meat food products." [5]

The injuries of which plaintiff complains fall squarely within this area. Plaintiff alleges that consumers assume "All Meat" frankfurters are more nourishing than frankfurters not so labeled; however, frankfurters containing dried milk (which are precluded from using an "All Meat" label) are of higher nutritional value. Plaintiff reports that the "All Meat" frankfurters are destroying the market for wholesome products with dried milk and other nutritional additives. With a dwindling market, even those consumers who are aware of the food value of the latter products and would prefer to purchase them may be unable to do so. Thus, plaintiff's interest is "within the zone to be protected or regulated by the statute" and plaintiff has standing to prosecute this action.[6]

1. As well as "All Beef," "All Pork" and other "All (*species*)" labels.

2. Regulations to this effect were promulgated pursuant to the standard rule-making procedures of the Department of Agriculture. The regulations are set forth at 9 C.F.R. 317.8(40).

3. The defendants' argument that the ADPSO v. Camp tests for standing are inapplicable to public interest cases such as this has been undermined in this circuit by Environmental Defense Fund, Inc. v. Hardin, 138 U.S.App.D.C. 391,

428 F.2d 1093 (1970). See also Scanwell Labs., v. Shaffer, 137 U.S.App. D.C. 371, 424 F.2d 859 (1970).

4. Wholesome Meat Act, 21 U.S.C. § 602.

5. *Id.*

6. "[C]onsumers' interest in * * * protection may properly be represented by a membership association with an organizational interest in the problem." Environmental Defense Fund, Inc. v. Hardin, 138 U.S.App.D.C. 391, 395, 428 F.2d 1093, 1097 (1970).

■ The sections of the Wholesome Meat Act relating to misleading labeling, 21 U.S.C. § 607(d) and (e), prohibit any meat product from being sold under a label which is misleading and provides a procedure whereby the Secretary may enforce the prohibition. The defendants cite the permissive language of that section as authority for the argument that the matter of enforcement is committed to the Secretary's discretion. As to this contention, the recent case of Environmental Defense Fund, Inc. v. Hardin, 138 U.S.App.D.C. 391, 428 F.2d 1093 (1970) is directly in point:

"Preclusion of judicial review is not lightly to be inferred, however; it requires a showing of clear evidence of legislative intent. That evidence cannot be found in the mere fact that a statute is drafted in permissive rather than mandatory terms." 138 U.S. App.D.C. at 396, 428 F.2d at 1098.

Further, the Supreme Court has noted that in cases such as the present, where relief is sought under a statute by the persons for whose benefit the statute was enacted, "unless members of the protected class may have judicial review the statutory objectives might not be realized." Barlow v. Collins, 397 U.S. 159 at 167, 90 S.Ct. 832, 838, 25 L.Ed.2d 192 (1970).

■ In reviewing the adoption of a regulation by an agency under its rule-making procedures, the Court is limited to considering whether the administrative action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2) (A). In this matter, the Secretary's determination that "All Meat" labels were authorized for frankfurters which contained up to 15 percent of non-meat ingredients represented a codification of a term in common use in the meat industry.[7] However, there is nothing in the record to suggest that this "term of art" is understood by the general public.

■ The primary purpose of the Wholesome Meat Act is to benefit the consumer and to enable him to have a correct understanding of and confidence in meat products purchased. Prohibitions against mislabeling are an integral part of this purpose. Clearly, any rule-making procedure conducted under this Act which fails to primarily emphasize the understanding of the consumer is a procedure not conducted "in accordance with [the applicable] law" (the Act).

The leading case in this jurisdiction on the problem of mislabeling is Armour and Company v. Freeman, 113 U. S.App.D.C. 37, 304 F.2d 404, cert. denied 370 U.S. 920, 82 S.Ct. 1559, 8 L.Ed.2d 500 (1962). There, a regulation promulgated by the Secretary required that hams with added moisture content be labeled "imitation." The Court stated:

"To measure whether a label employing ordinary words of common usage is false or not, the words must be taken in their ordinary meaning." 113 U.S.App.D.C. 43, 304 F.2d 410.

■ The Court itself construed the word "imitation" and rejected the "term of art" definition which had been adopted by the Secretary.[8] It was noted that the determination of the Secretary had forced meat packers to violate the misbranding statute. The Court found the Secretary's action arbitrary and capricious.

■ This Court finds the Armour case controlling. In applying the "ordinary meaning" test to the word "all", it is clear when that adjective is used on a label with the word "meat", the common understanding is that it describes a sub-

7. The "All Meat" label distinguished frankfurters containing meat, water, corn syrup, spices, coloring and flavorings from those which contained such additional ingredients as meat by-products, cereals, or dried milk.

8. A Court may appropriately determine the ordinary meaning of a word, since this is not a matter within the exclusive expertise of an administrative official such as the Secretary. See Barlow v. Collins, 397 U.S. 159 at 166, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970).

stance that is *totally and entirely* meat. The application of the "All Meat" label to frankfurters that are 15 percent non-meat is a contradiction in terms and is misleading within the meaning of 21 U. S.C. § 607(d). The use of the term "All Meat" or "All (*species*)" as applied to frankfurters is invalid, and the defendants should be enjoined from permitting any frankfurter product to be so labeled.

Counsel for plaintiff shall present an appropriate order within 10 days.